UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MONTSERRAT REYES,                                              Case No.:

                         Plaintiff,                              **COMPLAINT WITH**
  -vs.-                                                                      **JURY DEMAND**

LAW OFFICES OF SANDY KHINE, PC, and
SANDY KHINE,

                         Defendants.
------------------------------------------------------------------------X

      Plaintiff, MONTSERRAT REYES, (hereinafter "Plaintiff") by and through her attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against LAW OFFICES OF SANDY KHINE, PC ("Law Office"), and SANDY KHINE ("Khine") (together "Defendants"), allege upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to her by: (i) overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a); (ii) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iv) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); (v) Defendants willful failure to pay Plaintiff all of the wages due

1

and owing to her; (vi) willfully making illegal deductions from Plaintiff's wages; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times herein, Plaintiff is an individual residing in Queens County, New York.

8. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, the Law Office was and is a domestic professional corporation with its principal place of business located at 299 Broadway, Suite 803, New York, NY 10007.

10. Upon information and belief, Defendant Khine has been a principal, officer and/or manager of the Law Office.

11. Upon information and belief, Defendant Khine owns more than ten percent of the Law Office by beneficial interest.

12. Upon information and belief, Defendant Khine has been a principal, officer, and/or manager of the Law Office.

13. At all relevant times herein, Defendants were each an "employer" of the Plaintiff within the meaning of the FLSA, NYLL, and the NYCCRR.

14. Upon information and belief, for the calendar year 2021 the gross receipts of the Law Firm were not less than $500,000.00.

15. Upon information and belief, for the calendar year 2022 the gross receipts of the Law Firm were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2023 the gross receipts of the Law Firm will not be less than $500,000.00.

17. The Law Firm engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects it to the FLSA's minimum wage and overtime wage requirements as an enterprise. Upon information and belief, these supplies include, but are not limited to, computers and legal pads.

18. Defendants' employees, including Plaintiff, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subject Defendants to the wage requirements of the FLSA with respect to Plaintiff.

19. Defendants' employees, including Plaintiff, routinely used email and telephone in the course of their duties.

20. At all times herein pertinent, and in the course of her duties, Plaintiff regularly handled products which had been moved in commerce.

## **BACKGROUND FACTS**

21.     Defendants own and operate a company which provides representation in immigration and nationality law, including defense from deportation/removal, requests for asylum, family-based immigration, visa processing at U.S. consulates, waivers, employment authorization, obtaining U.S. citizenship, and other related matters.

22.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

23.     Defendant Khine has had undisputed authority and final say in all matters concerning the Law Office and all its employees, including but not limited to hiring and firing practices, promotions and compensation, supervising, maintaining employment records, and the day-to-day activities at the Company.

24.     Defendant Khine hired Plaintiff to work for the Law Office.

25.     Defendant Khine set the Plaintiff's compensation, possessed and wielded this authority over Plaintiff throughout her employment.

26.     Upon information and belief, Defendant Khine signed contracts on behalf of the Law Office

27.     Defendant Khine set Plaintiff's schedule and told her what job duties to complete and in what order to complete them.

28.     Defendant Khine paid Plaintiff her wages.

29.     Plaintiff worked for the Defendants from on or about July 30, 2018 until October 23, 2020.

30.     Throughout her employment with Defendants, Plaintiff's job duties included, but were not limited to, communicating with clients in order to get necessary information for immigration forms and organize legal documents.

31.     Plaintiff's job duties did not involve any matters of discretion.

32.     Throughout her employment with Defendants, they required Plaintiff to work – and she did in fact work – Monday through Friday from 9:00AM until 6:30PM.

33.     For her labor, Plaintiff was paid an hourly rate of $16.00 per work hour.

34.     Further, Defendants failed to account for 27 hours that Plaintiff worked in Plaintiff's final paycheck.

35.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

36.     When Plaintiff asked if she should be paid overtime when she worked over forty hours per week, Defendants informed Plaintiff that they did not pay overtime compensation.

37.     Defendants failed to provide Plaintiff with any wage statements that reflected the amount of hours she worked, her regular rate of pay or her overtime rate of pay for each hour she worked in excess of forty hours in a given workweek.

38.     Defendants intentionally did not provide Plaintiff with a wage notice at the time of hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical

addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

39. Defendants' failure to provide wage statement and wage notices allowed Defendants to fail to pay Plaintiff overtime compensation without Plaintiff's knowledge.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

40. Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

41. Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

42. As described above, Defendants were each an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

43. As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

44. The Defendants willfully violated the FLSA.

45. As such, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

46. Plaintiff is entitled to recover from Defendants Plaintiff's unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

47. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

48. Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49. Defendants were required to directly pay the Plaintiff an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

50. As described above, Defendants were each an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

51. As also described above, Plaintiff worked in excess of forty (40) hours per week, yet Defendants failed to compensate her in accordance with the NYLL's overtime provisions.

52. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

53. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

55. As described above, the Defendants willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

56. Defendants are liable to the Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

57. Plaintiff incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

59. Defendants are each an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

60. Defendant willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

61. Defendants are liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Nonpayment of Straight Time Wages*

62. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63. Plaintiff routinely worked over 40 hours in a given work week.

64. Defendants have willfully failed to pay all straight tie wages due and owing to the Plaintiff

65. Due to Defendants' violations of the New York Labor law, Plaintiff is entitled to recover from Defendants their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deduction From Wages in Violation of N.Y Lab. Law § 193*

66. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

67. Under N.Y. Labor Law § 193, as amended, it is unlawful for an employer to make deductions from the wages of an employee, unless those deductions are (a) made in accordance with a law or a governmental agency rule or regulation, (b) expressly authorized in writing by the employee and are for the benefit of the employee, (c) related to recovery of an overpayment of wages where such overpayment is due to a mathematical or other clerical error by the employer; or (d) related to advances of salary or wages made by the employer to the employee.

68. Within the applicable statute of limitations, Defendants unlawfully and willfully deducted wages earned by the Plaintiff.

69. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**DEMAND FOR A JURY TRIAL**

70. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against any individual for participating in any form in this lawsuit;

d. All damages that Plaintiff have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

e. Awarding back for unlawful deductions dur and owing to the Plaintiff;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Awarding Plaintiff costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

h. Pre-judgment and post-judgment interest, as provided by law;

i. Awarding all remedies Plaintiff is entitled to under the aforementioned statutes; and

     j.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
         September 8, 2023

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar (AK 0822)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
akumar@Cafaroesq.com